BEFORE THE SECOND DIVISION, OCTOBER 29, 1962

No. 67150.—Fred Baumgarten v. United States, protest 61/6821 (Savannah).

RAO, Judge: Plaintiff is the importer of certain bound books, invoiced as "desk-diaries," which were assessed with duty at the rate of 20 per centum ad valorem pursuant to the provision for diaries in paragraph 1410 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, as supplemented by Presidential proclamation, 90 Treas. Dec. 280, T.D. 53877.

By timely protest, plaintiff contests said assessment, claiming that his merchandise is dutiable at only 10½ per centum ad valorem, as blankbooks, within the provisions of said paragraph 1410, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

As originally enacted, paragraph 1410 of the Tariff Act of 1930 contained a provision for "blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts," which were subjected to duty at the rate of 25 per centum ad valorem. By trade agreement negotiation, the portion of the provision specifying blankbooks and slate books was singled out for revision, and,

in the Japanese Protocol to the General Agreement on Tariffs and Trade, *supra*, address books, diaries, and notebooks were provided for, as a subdivision thereof, at the rate of 20 per centum ad valorem. Other blankbooks and slate books (except diaries, notebooks, and address books) were provided for at progressively lower rates, depending upon the date of entry, in the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, the rate therefor obtaining at the time of importation of the merchandise at bar being 10½ per centum ad valorem.

Thus, it is apparent that, if the instant books fall within the category of address books, diaries, or notebooks, assessment of duty at the rate of 20 per centum was proper. If not, the claimed rate for other blankbooks is applicable.

Plaintiff, who appeared in person at the trial of this action, introduced into evidence, as plaintiff's exhibit 1, an official sample taken from the instant shipment. There was also received in evidence, as plaintiff's exhibit 2, a book which plaintiff considers to be a diary. These exhibits comprise the entire record in the case.

The imported article, as represented by plaintiff's exhibit 1, is a plastic-covered book, approximately 4¼ by 7⅜ inches in dimensions. Its first few pages contain, successively, the date "1961," the notation "Personal Memoranda," calendars for the years 1960, 1961, and 1962, and a few statistical tables. The following 20-odd pages contain spaces for addresses and telephone numbers, each page more or less set aside for each letter of the alphabet. The remaining portion of the book consists of ruled pages allocated to the days of the year and the hours of the day and each headed with calendars for the current and following months. A blank-lined page, inserted at the end of each month's section, is captioned "Notes."

Plaintiff's exhibit 2 is a conventional diary equipped with lock and key.

It appears to be the position of importer, as indicated by his protest, that the invoice designation of the subject articles as desk diaries is erroneous; that they are, in fact, a type of blankbook known as appointment books; and that they are not within the exceptions enumerated in the sixth protocol, *supra*.

Webster's New International Dictionary of the English Language, second edition, 1951, defines the word "diary" as—

A register of daily events or transactions; a daily record; journal; esp., a book for personal notes or memoranda, or for details of experiences or observations of the writer; also, a blank book for daily memoranda.

Under this definition, the particular distinguishing feature of a dairy is its suitability for the receipt of daily notations; and, in this respect, the books here in issue are well described. By virtue of the allocation of spaces for hourly entries during the course of each day of the year, the books are designed for that very purpose. That the daily events to be chronicled may also include scheduled appointments would not detract from their general character as appropriate volumes for the recording of daily memoranda.

There are no considerations in the instant case to support plaintiff's contention that the subject books are not diaries. All claims in the protest are, therefore, overruled.

Judgment will be entered accordingly.